BREVATOR CREECH et al., Appellants (LIZZIE BREVATOR, Plaintiff), v. WILLIAM R. YOUNG, Admr., Defendant, Respondent.

### St. Louis Court of Appeals, April 15, 1902.

Administrator, Motion to Appoint: ORDER OVERRULING MOTION: MOTION TO VACATE ORDER OVERRULING: APPEAL THEREFROM. An order denying a motion to vacate an order overruling a motion in an action against an administrator to appoint an administrator *ad litem*, is not appealable, not being enumerated among the orders from which R. S. 1899, section 806, provides that an appeal may be taken before final judgment. The appeal was improvidently taken and must be dismissed.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

APPEAL DISMISSED.

*Martin & Woolfolk* for appellants.

(1) The appointment of an administrator *ad litem* is proper in a suit against an estate whenever from any cause the legally appointed administrator can not properly represent the estate. Woerner's Adm. Law. (2 Ed.), 406 and 407; 2 Am. and Eng. Ency. of Law (2 Ed.), 804, and cases cited. And it is the duty of the court in which the suit is pending

to make the appointment in a proper case upon the application of an interested party.    Wolff v. Eberlein, 74 Ala. 94; 2 Am. and Eng. Ency. of Law (2 Ed.), 809, and cases cited; Woerner's Adm. Law (2 Ed.), 821 and 822, and cases.    (2) The defendant's relation to the attorneys for plaintiff renders his control and management of the defense in this suit improper.    Spinks v. Davis, 32 Miss. 155; Cox v. Barnes, 63 N. W. 394; Denning v. Todd, 91 Tenn. 422; Simpson v. Jones, 82 N. Car. 323; In re Mills, 22 Oregon 210; Kellberg's Appeal, 86 Pa. St. 129; Thayer v. Horner, 11 Neil (Mass.) 104; State v. Reinhardt, 31 Mo. 95.    (3)    His relations to the beneficiaries are not harmonious.    Picking's Estate, 3 Pa. Dis. Rep. 454; Dayton's Estate, 1 Kulp (Pa.) 118; Pike's Estate, 45 Wis. 391.    (4)    He can not act with that fidelity and good faith in the defense of the suit that his duty as trustee requires.    Powell v. Hurt, 31 Mo. App. 632; State ex rel. v. Meagher, 44 Mo. 356; Foster v. Davis, 46 Mo. 268; Myer v. Myer, 98 Mo. 262; Merritt v. Merritt, 62 Mo. 150; Allerberry v. McDuffee, 31 Mo. App. 603; Booker v. Armstrong, 93 Mo. 49.

*Wheeler & Powell* for respondent.

There is nothing whatever that shows or tends to show that the estate is not being properly looked after.    This claim has been "scrutinized rigidly, its justness investigated, and it is being defended upon every ground available—limitation, illegality, want of consideration and every other bar which was sufficient at law or equity."    Nothing was left undone that could be done.

BLAND, P. J.—Briefly stated, the facts in this case are that William R. Young is the administrator of the estate of Catherine Hedges, deceased.    He is also an attorney at law and a member of the law firm of Norton, Avery & Young.

Lizzie Brevator, one of the heirs of Catherine Hedges, sued Young, as administrator, to recover of the estate four thousand dollars, alleged to be due to her from the estate.    The heirs of Catherine Hedges, other than Lizzie Brevator, undertook to assist the administrator in the defense of the suit.    Norton & Avery were the attorneys of Lizzie Brevator and brought the suit for her.`   Wheeler & Powell, attorneys, were employed by Young to represent the estate.    Martin & Woolfolk had been employed to represent the other heirs in a former suit brought by Lizzie Brevator against them and Young for the specific performance of a contract to convey real estate. Wheeler & Powell who prepared the answer in the four-thousand-dollar suit, supposing that Martin & Woolfolk were to continue to represent the heirs other than Lizzie Brevator, signed their names and the names of Martin & Woolfolk to the answer as attorneys for defendant, Young.    This seems to have been a mistake as, on discovering that their names were signed as attorneys to the answer, Martin & Woolfolk withdrew from the case and on the same day, at the instance of Brevator Creech and Clay Wise, two of the heirs of Catherine Hedges, filed the following motion:

"Now come Brevator Creech and Clay Wise and show to the court that they are interested in and affected by all claims and demands allowed against the estate of Catherine Hedges.    That this is a suit for the allowance of a claim of $4,000 against said estate.    That Brevator Creech, as one of the heirs of said Catherine Hedges, is entitled to one-third of her estate subject to the payment of debts and demands allowed, and that Clay Wise and his minor brothers and sisters are heirs of said Catherine Hedges and entitled to one-third of her estate subject to the payment of allowed debts and demands.    They further show to the court that this suit was commenced and is being prosecuted by the plaintiff against William R. Young who is the administrator of the estate of

Catherine Hedges. That plaintiff's attorneys in this suit are R. H. Norton and O. H. Avery, and that the said William R. Young, administrator of said estate, is now and was at the time of the commencement of this suit, a partner of said R. H. Norton and O. H. Avery, plaintiff's attorneys, in the practice of law, and your petitioners suggest to the court that the interest of said William R. Young in said partnership of the firm of Norton, Avery & Young, and as a member of said firm of R. H. Norton and O. H. Avery plaintiff's attorneys is antagonistic to the interest of said estate, and on account thereof, and by reason of the interest which your petitioners have in said estate, they suggest and request that the court appoint an administrator *ad litem* of said estate for the purpose of this, in place of said William R. Young—some one who has no such 'entangling alliances' with plaintiff's attorneys as the said Wm. R. Young, and one who will represent your petitioners' interest in said estate. That your petitioners are adults, acting for themselves in this matter, and believing it to be to the best interest of themselves and said estate, will ever pray for the appointment of an administrator *ad litem* for said estate in this suit."

The motion was taken up and evidence was heard thereon. The court took the motion under advisement and on October 22, 1901, ten days after it had been submitted, Norton and Avery called up the motion, took leave to file an amended petition in the Brevator suit and then in open court withdrew from the case, whereupon the court overruled the motion. In due time a motion to vacate the order overruling the motion was filed, which was by the court overruled, whereupon the appeal was taken.

Section 806, Revised Statutes 1899, provides that before final judgment in a cause an appeal may be taken from the following orders; "any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or

dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties." The order appealed from is not embraced in the above section and the appeal was improvidently taken, wherefore it is dismissed. *Barclay* and *Goode, JJ.*, concur.